198 So. 356

**ÆTNA AUTO FINANCE, Inc., v. KIRBY.**

6 Div. 706.

Supreme Court of Alabama.

Oct. 17, 1940.

Rehearing Denied Nov. 14, 1940.

Mullins & Deramus, of Birmingham, for appellant.

230

Hugh Barber, of Birmingham, for appellee.

BROWN, Justice.

The debt due plaintiff from Amos was contracted and suit instituted thereon prior to the purchase of the automobile by Amos from Knapp Motor Company.

The judgment was recovered and the certificate of the clerk issued thereon was registered as provided by the statute, Code 1923, § 7874, subsequent to said purchase, and at the time of such registration the automobile was in the possession of the judgment defendant in the county where the judgment was recorded.

The conditional sale contract, under which Amos purchased, was not recorded as required by § 6898 of the Code, 1923.

The defendant acquired the automobile after the registration of the judgment certificate and sent it out of the state and disposed of it. The plaintiff was without notice or knowledge of the existence of said conditional sale contract.

The contention of appellant, defendant in the trial court, is that the plaintiff—judgment creditor—appellee here, is not within the protection of the recording statute, Code 1923, § 6898, which voids the condition in the sale contract, and makes the sale absolute, unless the contract is recorded, because plaintiff's debt was contracted prior to the time Amos purchased the car. To so interpret the statute the court would have to write an exception, not only into § 6898, but would have to write the same exception into § 7874, excluding judgment creditors whose claim arose prior to the acquisition of the property by the judgment defendant.

Such interpretation would not only do violence to the expressed legislative intent but would be judicial legislation.

The Intermediate Civil Court of Birmingham established by local Act No.

363, p. 219, approved September 7, 1935, is a court of record and its judgments are subject to registration under § 7874 of the Code.

The ruling of the Intermediate Civil Court was in accord with the views above expressed.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.