### In re Dan WATSON, Debtor.

### Bankruptcy No. 84–01562.

United States Bankruptcy Court,
M.D. Alabama, N.D.

Feb. 21, 1985.

Rick A. Williams, Montgomery, Ala., for debtor Dan Watson.

B. Blaine Brown, Montgomery, Ala., for creditor, Baptist Medical Center.

## ORDER ON MOTION TO AVOID JUDGMENT LIEN

### (Baptist Medical Center)

RODNEY R. STEELE, Bankruptcy Judge.

In this Chapter 7 case, the debtor filed a motion on December 3, 1984, to avoid certain judgment liens, and the court has since that time, entered orders avoiding all of the liens which were judgment liens against this debtor except for the lien of Baptist Medical Center.

The Baptist Medical Center asserts that its judgment lien ought to be good in futuro, that is, as to any property which the debtor may obtain after bankruptcy, although it admits that its judgment lien is not good as to any property exemptable at the date of bankruptcy.

The date of bankruptcy in this case was December 3, 1984.

The debtor initially sought to avoid the liens in question under Title 11, United States Code, Section 522(f)(1). That section simply avoids liens to the extent of the exemptable interest of the debtor in any property which he may have had at the date of bankruptcy.

But the Baptist Medical Center argues that the lien as to after-acquired property, that is, property acquired later on, is still good, unless it is avoided.

Whereupon, the debtor filed an amendment to his motion in which he asserts that he wants the avoidance of the lien as to any property which he may obtain in the future.

The matter was submitted upon briefs to be filed, and has now been submitted upon the briefs filed by the debtor and by the Baptist Medical Center.

The Medical Center holds a judgment for $5,023.52, which is of record and is in Alabama, therefore, a lien upon all property subject to levy and execution in the county where recorded.

The parties provide us with very little assistance on the question at issue. The case of *In re Fair*, which Baptist Medical Center cites is not appropos here, since the decision there related to the Alabama judicial lien statutes, but provided that they did not enlarge or provide for an avoidance power in the hands of the debtor, when the debtor went into bankruptcy.

The question here is whether there is any provision of the Bankruptcy Code, that is, Title 11, United States Code, which would avoid, at the instance of the debtor, the judgment lien altogether.

And we must conclude that the law applicable to this case, filed since the amendments made to Title 11, effective July 1984 and October 10, 1984, must avoid the lien of Baptist Medical Center altogether, and provide for an avoidance of the lien of record.

Title 11, United States Code, Section 506(d) provides as follows:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) Such claim was disallowed only under Section 502(b)(5) or 502(e) of this title; or

(2) Such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under Section 501 of this title.

We read this provision to mean that after a valuation is made of the property subject to the lien, under Title 11, United States Code, Section 506(a), that to the extent the lien secures a claim which is unsecured, that is, not covered by collateral, the lien is void. In this case, it is admitted that the debtor had no property at the date of bankruptcy which would be subject to the judgment lien.

The result, then, is that the lien is void unless the claim propounded by the Baptist Medical Center would be disallowed be-

cause it had not filed a claim. Whether the Baptist Medical Center filed a claim or not, then, will not affect the validity or invalidity of its lien.

The claim of Baptist Medical Center would not be disallowed under Section 502(b)(5), because that section relates to unmatured claims for alimony and support.

Nor would the claim of Baptist Medical Center be disallowed under Section 502(e), which relates to claims for contribution or reimbursement of an entity that is liable with the debtor on or has secured the claim of the debtor. No such facts appear in this case.

The result is that upon the application of the debtor, inartfully worded as it is by his amendment, the lien of the Baptist Medical Center is due to be avoided altogether, and may be avoided of record.

It is therefore ORDERED that the motion to avoid lien of the Baptist Medical Center is hereby granted, and the lien is avoided altogether.