Jimmy and Rebecca Isbell appeal from a summary judgment granted in favor of Alabama Power Company (APCo) in a suit *Page 282 
for the wrongful termination of electric service.
The pertinent facts are as follows: During the summer of 1980, the Isbells lived in Hueytown, Alabama, and were receiving electric service from APCo. For two months the Isbells failed to pay their power bill, and in September of 1980, they moved to Cullman, Alabama, to reside with Rebecca's parents. On November 26, 1980, the Isbells filed a Chapter 7 petition in bankruptcy. The address listed for the Alabama Power Company was admittedly incorrect. On March 26, 1981, the United States Bankruptcy Court discharged all creditors listed in the petition.
In early 1983, the Isbells again moved to the Hueytown area and had electric service placed in Mrs. Isbell's name. On two occasions, APCo notified the Isbells by letter that an outstanding balance of $285.05 from a previous account had been transferred to their present account, and demanded payment. Shortly thereafter, the Isbells received another letter and Mr. Isbell went to APCo to explain his bankruptcy petition. He took with him a copy of the bankruptcy discharge, as well as other papers from the bankruptcy court, for APCo to review. Thereafter, he talked with employees of APCo, who told him that it was their position that the debt was still owed because APCo had not received legal notice of the bankruptcy. On March 15, 1983, electric service was discontinued. The Isbells filed a complaint on March 2, 1984, alleging that APCo had wrongfully disconnected their service, contending that the debt for which power was disconnected had been discharged in bankruptcy.
On May 17, 1984, APCo filed a motion for summary judgment with a supporting affidavit of G. Kendrick Kinman, Jr., credit manager of APCo. In his affidavit, Kinman stated that based on his personal knowledge and a thorough search of company records, APCo had no notice or knowledge of the Isbells' bankruptcy petition until Mr. Isbell showed it to an APCo employee in December 1982.
Instead of filing affidavits or counter-affidavits pursuant to Rule 56 (f), Ala.R. Civ.P., the Isbells filed a request for admission, requesting that APCo admit to receiving the December 3, 1980, edition of the "Daily Commercial Journal." This publication contains various items of credit information, and this particular edition shows that Jimmy Isbell had filed a petition in bankruptcy.[1] In response to the Isbells' request for admission, APCo filed a motion to strike. APCo's motion for summary judgment was heard and judgment was entered in APCo's favor. APCo's motion to strike the request for admission was deemed moot upon entry of the summary judgment.
The Isbells appeal here, raising two issues. First, they contend that the trial court improperly granted summary judgment, since there was discovery pending which sought to elicit information on the issue of whether APCo had knowledge of their bankruptcy.
If APCo had knowledge of the discharge, the Isbells contend, then the debt was discharged and the subsequent termination of their power supply was wrongful.
The law pertaining to the scheduling of creditors by a bankrupt is set forth in Matter of Robertson, 13 B.R. 726, 728
(Bankr.E.D.Va. 1981):
 "Section 7 (a)(8) of the Bankruptcy Act (11 U.S.C. § 25 (a)(8)) provides in pertinent part that a voluntary bankrupt must file with his petition `[a] list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residences or places of business, if known, or if unknown that fact to be stated. . . .' A bankrupt's failure to schedule a debt properly in his petition shall result in that debt's exception from the operation of a discharge upon a finding by the Court that it had `not been duly scheduled *Page 283 
in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. . . .' 11 U.S.C. § 35 (a)(3). Cases dealing with this requirement have uniformly held that the criteria set forth therein must be strictly interpreted. 1A Collier on Bankruptcy, ¶ 17.23 [1], p. 1680 (14th ed. 1978)."
In Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 456-57 (6th Cir. 1982), the Sixth Circuit Court of Appeals held:
 "If the creditor's street, city, town or state is listed incorrectly, . . . the debt is not duly scheduled."
In the instant case, as a matter of law, APCo was not "duly scheduled." Accordingly, the debt owed APCo by the Isbells would be discharged if, and only if, APCo had "notice or actual knowledge of the proceedings in bankruptcy" in time for proof and allowance. In this case, APCo would have been required to file its proof of claim within six months after the first date set for the first meeting of creditors. Rule 302 (e), Rules of Bankruptcy Procedure.
The burden of proving "notice or actual knowledge" of the creditor is upon the bankrupt, as is stated in Matter ofRobertson, supra:
 "Robertson next asserts that should the Court determine that the debt owed the Davises was not duly scheduled, he maintains that the Davises did receive actual notice of the bankruptcy proceeding `. . . in time for proof and allowance . . .' as required by Section 17 (a)(3) of the Bankruptcy Act.
 "It is a principle of uniform application that the burden of proof in establishing `actual' knowledge is on the bankrupt. Venson v. Housing Authority of the City of Atlanta, [337 F.2d 616 (5th Cir. 1964)]. Mere constructive notice or imputed knowledge of the bankruptcy proceeding is insufficient in this regard. Rather, such knowledge must actually exist and should include information as to where and when the bankrupt's petition in bankruptcy was filed. Robinson v. Currier, 2 [Bankr.] 127, 129 (Bkrcy.D.Ore. 1979). Thus, it is clear that if the bankrupt is to `avoid the effect of his omission of a creditor's [address] from his schedules, he must prove the facts upon which he relies.' 1A Collier on Bankruptcy, supra, ¶ 17.23 [6] at p. 1698, citing Hill v. Smith, 260 U.S. 592, 594, 43 S.Ct. 219, 220, 67 L.Ed. 419
(1923)." 13 [Bankr.] at 732. (Emphasis added.)
Importantly, the bankruptcy court in Robertson held that mere constructive notice or imputed knowledge on the part of the creditor was insufficient as a matter of federal bankruptcy law to establish a discharge.
In summary, a creditor who is not "duly scheduled" with a correct address on a bankruptcy petition is excepted from the operation of a discharge, unless the creditor had notice or actual knowledge of the proceedings in bankruptcy in time for filing a proof of claim and allowance. Mere constructive notice or imputed knowledge of the bankruptcy proceeding is not sufficient, as a matter of law, to create a discharge.
Considered in the context of the applicable law regarding "duly scheduling" of creditors in a bankruptcy petition, APCo's motion for summary judgment, supported by the affidavit of its credit manager, G. Kendrick Kinman, Jr., was properly granted. It is undisputed that APCo was not duly scheduled on the Isbells' bankruptcy petition. Mr. Kinman's affidavit, which was based upon his personal knowledge and his review of company records, constituted undisputed evidence that APCo did not have notice or actual knowledge of the filing of the Isbells' petition. The Isbells never filed any counter-affidavits, or offered a scintilla of evidence that APCo had notice or actual knowledge of the filing of their bankruptcy petition. Since the sole material fact of actual knowledge vel non was undisputed, the trial court properly entered judgment in APCo's favor as a matter of law. *Page 284 
In Hutchins v. State Farm Mutual Automobile Insurance Co.,436 So.2d 819, 825 (Ala. 1983), this Court stated as follows:
 "[W]hen the defendants by affidavits showed the absence of any genuine issue of fact as to his fraud claims, it was incumbent upon him [plaintiff] to come forward with at least a scintilla of evidence creating a triable issue of fact. Rule 56 (e), A.R.Civ.P. The failure of the opposing party to offer evidence contradicting that of the moving party leaves the trial court with no alternative but to consider that evidence uncontroverted, with no genuine issue of material fact existing." (Citation omitted.)
The Isbells complain that the trial court granted summary judgment without permitting them a sufficient opportunity to develop contrary facts. Specifically, they contend on appeal that the trial court should have allowed them to propound requests for admissions to APCo regarding the December 3, 1980, issue of the "Daily Commercial Journal" in order to attempt to establish "constructive knowledge" on the part of APCo of their bankruptcy petition. The Isbells cite two federal cases,Illinois State Employees Union v. Lewis, 473 F.2d 561 (7th Cir. 1972), and Washington v. Cameron, 411 F.2d 705 (D.C. Cir. 1969), for the general proposition that the party opposing a motion for summary judgment should be given a "fair opportunity" to conduct discovery to develop a factual basis for opposing the motion.
The problem with this argument is that mere proof of "constructive notice" or "imputed knowledge" would be insufficient, as a matter of federal bankruptcy law, to create a discharge of the improperly scheduled debt. Matter ofRobertson, supra. Thus, even if the alleged fact of constructive notice were established by a properly filed request for admissions, such fact would be immaterial and would not prevent entry of summary judgment.
Finally, the Isbells contend that the affidavit submitted by APCo in support of its motion for summary judgment was insufficient in that it failed to comply with the mandates of Rule 56 (e), Ala.R.Civ.P. Thus, the Isbells contend the trial court erred in granting summary judgment. We disagree.
Rule 56 (e) requires the following:
 "Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
The affidavit of Kinman is as follows:
 "Before me, the undersigned Notary Public, personally appeared G. Kendrick Kinman, Jr., who, being first duly sworn, deposes and says as follows:
 "I, G. Kendrick Kinman, Jr., a resident of Jefferson County, Alabama and over 19 years of age, am Credit Manager for Alabama Power Company. I served in this capacity throughout the entire year 1980 and thereafter.
 "As Credit Manager, I am the person designated by Alabama Power Company to receive any bankruptcy petition delivered to the Company wherein the Company is listed as a creditor. It is my responsibility to file any proofs of claim as may be necessary or appropriate.
 "Based upon my personal knowledge and a thorough search of Company records, Alabama Power Company never received a copy of a bankruptcy petition filed by Jimmy N. Isbell and Rebecca E. Isbell; nor did Alabama Power Company have any knowledge or notice of the filing of the bankruptcy petition until Mr. Cliff Barger, Accounting Manager of the Company's Bessemer District, was shown a copy by Jimmy or Rebecca Isbell on December 21, 1982, which was more than two years after the petition was filed.
 "Once I received a copy of the bankruptcy petition of Jimmy N. Isbell and Rebecca E. Isbell from Mr. Barger in December, 1982, I observed that this petition was apparently filed on November *Page 285 
26, 1980 and that Alabama Power Company was listed on Schedule A-3 (unsecured creditors) with the following Address: `Alabama Power Co., Cullman Power Board, 207 2nd Ave., NE, Cullman, AL 35055.' Alabama Power Company does not maintain an office at that or any other location in Cullman, Alabama, nor does Alabama Power provide electric service to Cullman, which is served by TVA."
We find that Kinman's affidavit clearly complies with the requirements of Rule 56 (e). The affidavit states that he, as credit manager of APCo, receives bankruptcy petitions and is responsible for filing proofs of claim for APCo in bankruptcy cases. His testimony, which is based upon "personal knowledge and a thorough search of Company records," is that APCo neither received the Isbells' bankruptcy petition nor had "any knowledge or notice of the filing" of it. Kinman is competent to testify to these matters, and is, indeed, the appropriate APCo employee who, as its credit manager, would offer such testimony at trial.
The affidavit properly placed the fact of APCo's lack of notice or actual knowledge before the trial court, and the Isbells failed to come forward with evidence to refute it.
Based on the foregoing, the summary judgment entered by the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Since only Jimmy Isbell's name appeared in the journal, the Isbells' argument of constructive notice logically should apply only to Jimmy Isbell. However, in light of our disposition of that argument, the omission of Rebecca Isbell's name becomes immaterial.