In re Kenneth Leon DUNCAN, Donna Maria Duncan, Debtors.

Kenneth Leon DUNCAN, Donna Maria Duncan, Plaintiffs,

v.

GUNTER INSURANCE AGENCY, Defendant.

Bankruptcy No. 85–02128.
Adv. No. 86–0026.

United States Bankruptcy Court, M.D. Alabama, E.D.

May 8, 1986.

William Z. Messer, Phenix City, Ala., for plaintiffs/debtors.

Ed Hill, Opelika, Ala., trustee.

J.C. Perdue, Phenix City, Ala., for defendant.

## OPINION ON EXTENT AND VALIDITY OF JUDGMENT LIEN

A. POPE GORDON, Bankruptcy Judge.

The debtors, Kenneth Leon Duncan and Donna Maria Duncan, commenced an adversary proceeding to have the judicial lien of the creditor, Gunter Insurance Agency, declared void. Earlier, the court had entered an order avoiding the judicial lien under 11 U.S.C. § 522(f)(1). Under that provision of the Code, a judicial lien may be avoided to the extent that it impairs property which may be exempted by a debtor. Obviously, the exempted property is property owned by the debtor at bankruptcy. In this proceeding, however, the debtors seek an order declaring that the lien does not reach property which the debtors have acquired since bankruptcy or may acquire in the future.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). These findings of fact and conclusions of law are made pursuant to

Rule 7052, Federal Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

The parties submitted a joint pretrial statement setting out the undisputed facts.

On March 11, 1985, a judgment was entered in favor of the creditor and against one of the debtors, Kenneth L. Duncan, in the District Court of Russell County, Alabama, in Case No. DV 85–18, in the amount of $1,228.70 plus costs. On March 28, 1985, the judgment was properly filed for record in the Office of the Probate Judge of Russell County, Alabama, the county of Duncan's residence, in Judgment Book 14, page 231, thus becoming a lien under Alabama law. The lien is provided in *Alabama Code* § 6–9–211 (1975) and continues for up to ten years after the date of the judgment.

The debtors commenced this Chapter 7 case by filing a voluntary petition for relief on November 26, 1985, about seven months after the judgment was recorded. The debtors received discharges on April 7, 1986.

On January 23, 1986, the court granted a motion filed by the debtors to avoid the judicial lien of this creditor pursuant to 11 U.S.C. § 522(f)(1), declaring the judicial lien void to the extent that such lien impaired the property exemptions claimed by the debtors and allowed in these proceedings.

All of the property owned by the debtors has been claimed as exempt, and those exemptions have not been challenged. Therefore, the debtors have no interest in property at the present time to which Gunter's lien could attach.

The creditor has not filed a proof of claim in this case nor has a proof of claim been filed for the creditor.

Both parties stipulated that this adversary proceeding depends entirely on a question of law; namely, whether debtors can avoid the judicial lien on property which they may acquire in the future, where such lien has been avoided to the extent of property in which plaintiffs presently have an interest.

The debtors contend that such a lien can be avoided as to future property pursuant to 11 U.S.C. § 506(d). This section provides that to the extent a lien secures a claim against a debtor that is not an allowed secured claim, the lien is void. There are two exceptions in § 506(d)(1) that are not applicable here. The debtors contend that the discharge of this debt precludes any action upon such a lien since the judgment is void as to personal liability of the debtors, and since there is no property remaining at the present time for the judgment to attach to due to the prior order avoiding the judicial lien.

The creditor contends that (1) failure to file a proof of claim is fatal to the debtor's case; and (2) Alabama law fixes a judicial lien on property which the debtors may acquire in the future, even though the lien may be avoided with respect to property which the debtors have exempted in this case.

## CONCLUSIONS OF LAW

The court agrees with the debtors.

The holding is that a lien under Alabama law (*Alabama Code* § 6–9–211 (1975)) does not become a lien on property of a debtor acquired after filing a petition in a case under Title 11 U.S.C. if the debt giving rise to the lien is released by a discharge in the case. The enforcement of such a lien against after-acquired property runs counter to the well-established "fresh start" policy so often enunciated by this and other bankruptcy courts.

Section 506(a) provides that a claim is secured only "to the extent of the value of such creditor's interest in the estate's interests in such property". In this case, the claim of the judgment creditor is in fact only a general unsecured claim within the definition of 11 U.S.C. § 506(a) because there is no property left in the estate to secure the claim. Thus there can be no allowed secured claim. Section 506(d) provides that "to the extent a lien secures a claim against the debtor that is not an

allowed secured claim, such lien is void", subject to exceptions not here applicable.

## DISCUSSION

The discussion begins with *In re Watson*, 49 B.R. 23 (Bankr.M.D.AL 1985) decided by Chief Judge Steele of this court. In that case Judge Steele held correctly that a judgment lien declared void under 11 U.S.C. § 506(d) does not reach property of a debtor acquired after bankruptcy, whether or not the creditor files a proof of claim in the bankruptcy case.

The *Watson* case controls under the facts of this proceeding. This opinion could well end here but for two questions of importance raised by the creditor which need to be explored in some detail because of an apparent split of authority.

First, the creditor says no proof of this creditor's claim against the debtors has been filed under 11 U.S.C. § 501 in this no-asset case. Does the Bankruptcy Code require in all cases that a proof of claim be filed to trigger the operation of § 506(d)? We think not.

The question arose in *In re Henninger*, 13 C.B.C.2d 609, 53 B.R. 60 (Bankr.W.D.N.Y.1985). For reasons that appear later, this court will not follow the *Henninger* court. That court writes:

> Prior to the recent Bankruptcy Amendment and Federal Judgeship Act of 1984, the authorities were divided on whether the court could employ the lien avoidance provisions of section 506(d) absent a filed proof of claim. The minority view required that a proof of claim be filed before the court would give effect to the avoidance provisions of section 506(d). *In re Hotel Associates, Inc.*, 3 B.R. [340] 341 (Bkrtcy.E.D.Pa.1980). Most courts did not require that a proof of claim be filed. *In re Brager*, 28 B.R. 966 (Bkrtcy. E.D.Pa.1983); 3 *Collier on Bankruptcy*, ¶ 506.07 at 506–61 (15th ed. 1985). It is the minority view which has found expression in the 1984 amendments. *Collier, supra,* at 506–62. Section 506(d), as amended, now provides: "...
>
> "(d) To the extent that a lien secures a claim against the debtor that is not an

allowed secured claim, such lien is void unless—

> "(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> "(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

Accordingly, if no proof of claim is filed, the lien will survive the discharge of the claim. *Collier, supra,* at 506–62.

■ The disagreement with *Henninger* arises over the conclusion that the lien survives discharge of the claim in all cases if no proof of claim is filed. That conclusion seemingly fails to give proper meaning to the words "due only" in § 506(d)(2) found in the phrase "due only to the failure of any entity to file a proof of such claim". We read § 506(d)(2) to mean that the lien is void under any other circumstance than that in which the claim is not being allowed as secured "due only" to failure to file a proof of claim. If failure to file a proof of claim is the only circumstance, the lien will survive. If there is any other circumstance, the lien will not survive and is thus void.

In this proceeding, the notice of the meeting of creditors pursuant to 11 U.S.C. § 341(a) counselled creditors:

> Do NOT file claims at this time. Debtor schedules indicate no assets exist from which to receive a dividend.

The case did prove to be a no-asset case. After exemptions, no property remained in the estate. Obviously, the claim of this creditor was not allowed as secured, not solely because of absence of a proof of claim, but also because by definition of a secured claim under § 506(a) "the value of such creditor's interest in the estate's interest in such property" was zero. The creditor has no secured claim to prove. Filing proofs of claim in cases such as this (and they are many) would not only serve no useful purpose, but would unnecessarily add to the workload of the court.

■ Accordingly, if a claim based on a judgment lien is not an allowed secured

claim due to absence of property in the estate to which the lien can attach, the lien is void.

Second, the creditor says the lien can reach property acquired by a debtor after bankruptcy with respect to newly acquired property and an improved equity position in excess of exemptions achieved through payments reducing mortgage or other lien indebtedness.

At this point it ought to be clear that the lien in this case is void and extinguished by operation of bankruptcy law. However, Alabama law (*Alabama Code* § 6–9–211 (1975)), which determines the nature and existence of the lien, extends a judgment lien to after-acquired property. *Aetna Auto Finance v. Kirby*, 240 Ala. 228, 198 So. 356 (1940). The lien remains in effect up to ten years. Does this mean that a lien which is extinguished under bankruptcy law can reach property acquired after bankruptcy? Or property exempt at bankruptcy but later appreciating in value in excess of the exemption? We think not. The question is almost rhetorical.

 Section 506(d) permits liens to "pass through the bankruptcy case unaffected". *House Report 95–595*, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313. Applied to a perfected judgment lien, that means that § 506(d) permits such a lien at least to survive the order for relief and to pass through bankruptcy and attach to any property in the hands of the trustee available for distribution to secured claims. At that point the lien may be affected. The lien claim may be partially or fully paid by the trustee. To the extent it is not paid or not an allowed secured claim it is unsecured and the lien is void by operation of § 506(d). See our reasoning on the creditor's first argument.

Applying the basic law of judgments, the discharge in this case released the debtors from the debt to this creditor represented by the judgment. 11 U.S.C. § 727(b). Section 727(b) is the heart of the fresh start provisions of bankruptcy law. The effect of release from the judgment debt is to extinguish the judgment. The judgment itself is void. 11 U.S.C. § 524(a). Since a judgment lien cannot exist independently of the judgment, such lien is discharged by the satisfaction and extinguishment of the judgment. 47 Am.Jur.2d, *Judgments*, § 995.

The void lien then cannot be revived by state law and again become a lien on after-acquired property of the individual who was in bankruptcy and received a discharge from the underlying debt. To hold otherwise would be to deny the debtor a fresh start free from the burden of debt *which he no longer owes.*

An order consistent with this opinion will enter.