The plaintiff's workmen's compensation complaint against Pinkerton's, a/k/a American Brands, and Liberty Mutual Insurance Company was filed on November 5, 1986. He alleged that, before September 1985, while working as an employee of the defendants, he was placed in a severe stress situation; that he was overworked and pressured by management; and that, as a result thereof, he was caused to be hospitalized for emotional and mental stress in September 1985; that he has been unable to work since that time; and that he will be partially disabled for a long period of time.
After answering the complaint, the defendants filed their motion for a summary judgment on February 17, 1987, one of the grounds being that the Workmen's Compensation Act does not extend coverage to mental disorders or injuries that were neither produced nor proximately caused by a physical injury to the body and that the plaintiff had not claimed in his complaint any physical injury to the body. A supporting affidavit of Pinkerton's district manager was attached to the defendants' motion. The affiant swore upon personal knowledge that he is familiar with the plaintiff and that the affiant could state unequivocally that any mental problems which the plaintiff may have were not the result of, or related to, or proximately caused by, any physical injury or physical trauma related to his job and that the plaintiff suffered no accident in which some physical injury or harm to his body was produced.
The defendants' motion for a summary judgment was set for a hearing, continued for undisclosed reasons, and the hearing rescheduled on four different occasions. At no time before the submission of the defendants' motion for a summary judgment for the trial court's ruling thereon did the plaintiff file any opposing affidavit or otherwise present any evidence countering the supporting affidavit of Pinkerton's district manager. After the matter was heard on May 7, 1987, the defendants' summary judgment motion was granted on that date with a summary judgment being rendered in favor of the defendants and the plaintiff's civil action being dismissed.
On June 4, 1987, the plaintiff filed his motion for a reconsideration of the May 7, 1987, judgment and for a reinstatement of the case. We consider that motion to fall under Rule 59 of the Alabama Rules of Civil Procedure. At the same time, the plaintiff filed his affidavit and the affidavit of his psychiatrist which were to the effect that the origin of his mental or emotional illness was an incident which occurred in the fall of 1984 at an Auburn football game in Birmingham when one of Pinkerton's guards, who was apparently under the plaintiff's supervision, hit the plaintiff in his nose, thereby causing it to be swollen and broken; that he was hospitalized in September 1985 for major depression; that he was discharged from the hospital on November 2, 1985, but that his condition continues to be serious. The plaintiff's Rule 59 motion was overruled by the trial court, and the plaintiff timely appealed.
We first examine the matter in the same status as it existed on May 7, 1987, when the summary judgment issue was initially submitted to the trial court.
It has been held that Alabama's Workmen's Compensation Act does not extend coverage to mental disorders or injuries that were neither produced nor proximately caused by some physical injury to the claimant's body. Magouirk v. United ParcelService, 496 So.2d 55 (Ala.Civ.App. 1986).
There was no averment in the plaintiff's complaint of any such bodily injury, and the lack of any bodily injury was one of the grounds in the defendants' summary judgment motion. Pinkerton's district manager's affidavit was attached to the defendants' motion, and it negated any physical injury, physical trauma, or accident to the plaintiff's body. Thus, under the facts as *Page 531 
they existed on May 7, 1987, when the defendants' motion was ruled upon by the trial court, there was no genuine issue as to any material fact, and there was not even a scintilla of evidence before the trial court at that time that the plaintiff's mental disorder ensued from a physical injury to his body. Accordingly, the trial court properly rendered and entered its May 7, 1987, summary judgment for the defendants.
When a motion for a summary judgment is made and properly supported, the nonmovant may not rest upon the mere averments or denials of his pleadings. Rule 56(e), A.R.Civ.P. Where a nonmovant does not offer any evidence to contradict that of the moving party, the trial court has no alternative but to consider the moving party's evidence as being uncontroverted, and, if warranted by such evidence, a summary judgment shall be entered against the nonmovant. Isbell v. Alabama Power Co.,477 So.2d 281, 284 (Ala. 1985); Rule 56(e), A.R.Civ.P. That was properly done in this case.
The plaintiff did offer the two affidavits in support of his Rule 59 motion. However, he did not show or aver in the motion or in either of the affidavits any circumstances which prevented his presentation to the trial court of affidavits or other proper evidence at the May 7, 1987, hearing to overcome the Pinkerton affidavit, which at that time had been filed for almost three months. Thus, this case is in the same procedural position as was Mathis v. Jim Skinner Ford, Inc.,361 So.2d 113 (Ala. 1978), wherein the following appeared:
 "The plaintiff offered no evidence by way of affidavit or otherwise in opposition to the motion for summary judgment, which the defendants supported by deposition. On motion for rehearing, he did offer an affidavit in which he contradicted statements made by him in deposition. He offered no explanation of his failure to offer evidence in response to the defendants' motion and, at that stage, simply relied on his pleading. The propriety of granting motions for summary judgment must be tested by reviewing what the trial court had before it when it granted the motion. Here it had only the pleadings and the deposition of the plaintiff which established the absence of an issue of fact as to the claims asserted. It was, therefore, incumbent upon the plaintiff, on rehearing, to show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment. Absent that, the trial court did not abuse its discretion in refusing to set aside the summary judgment. Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla.App. 1977); Rule 56(e), ARCP."
Mathis, 361 So.2d at 116. That same rule has been subsequently followed. Stallings v. Angelica Uniform Co., 388 So.2d 942, 946
(Ala. 1980).
In accord with Mathis, we hold that the trial court did not abuse its discretion in overruling the plaintiff's Rule 59 motion.
Since the above determines this appeal, we pretermit a decision as to whether the plaintiff's workmen's compensation case was barred by the then one-year statute of limitations which would here be applicable.
The judgment appealed from is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.