RUSSELL, Judge.
This appeal arises from the granting of a summary judgment in favor of the employer in a workmen’s compensation case.
The employee alleged in her complaint that she suffered an injury while in the line and scope of her employment which entitled her to workmen’s compensation benefits. The employer filed a motion for summary judgment, which was granted by the trial court. The employee appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in granting the employer’s motion for summary judgment.
At the outset we note that, when a motion for summary judgment is made and properly supported, the moving party is entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing of an essential element of the case. Lawson State Community College v. First Continental Leasing Corp., 529 So.2d 926 (Ala.1988); Belcher v. Pinkerton’s, Inc., 519 So.2d 529 (Ala.Civ.App.1987).
Here, the employee contends that she was subjected to many instances of practical jokes and harassment during the time she worked for the employer. She contends that on one occasion some co-employees played a joke on her by placing a cardboard cutout of a man on a toilet seat in the ladies’ restroom. She testified that, when she saw the facsimile of the man, she thought he had a gun in his hand and she turned to run. When she did, she testified, she fell and hit her head on the sink and suffered an incident of incontinence. Approximately three months later, the employee filed suit against the employer, alleging that she had “irritable bowel syndrome,” as well as psychic trauma, as a result of the practical joke played on her at work. She also alleged that her face was swollen, that she was having to urinate often, and that she suffered from an inability to sleep.
The employer contends that it is entitled to a judgment as a matter of law in that the employee did not, and cannot, establish that any of her mental or physical problems have any connection with a physical injury suffered at work. Put another way, the employer argues that there is no evidence that the “blow to the head” caused any of her problems.
The law in Alabama is well settled that our Workmen’s Compensation Act does not extend coverage to mental disorders or injuries that were neither produced nor proximately caused by some physical injury to the claimant’s body. Belcher, 519 So.2d 529; Magouirk v. United Parcel Service, 496 So.2d 55 (Ala.Civ.App.1986). Therefore, for the employee to be entitled to recover in this instance, she must demonstrate a causal connection between her alleged disability and a physical injury to her body. This she has not done.
*1036 The only evidence of any physical injury that the employee sustained was a blow to the head. However, there was no evidence that such injury was the cause of her present conditions. In fact, the employee testified that her doctors specifically told her that the symptoms that she experienced were unrelated to the “blow to her head” which she suffered at work and were instead attributable to her “nerves.”
In view of the above, we find that the trial court did not err in granting the employer’s motion for summary judgment. We pretermit a discussion of whether the employee gave proper notice to the employer.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.