MONROE, Judge,
dissenting.
I would affirm the judgment of the trial court; therefore, I respectfully dissent.
According to the record, First National Bank foreclosed on Parcel 1 a year and eight days before the bankruptcy court discharged the Housers’ debts under Chapter 7. The Housers’ right of redemption expired one year after foreclosure. That means that at the time their bankruptcy discharge was granted, the Housers had no interest in Parcel 1. It appears from the record that there was no other property on which the judgment Hen could attach, therefore, I beheve that John Deere had an unsecured judgment Hen. 11 U.S.C. § 506(a).
Title 11 U.S.C. § 506(d) provides:
*1087 ‘(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
“(1) such claim was disallowed only under § 502(b)(5) or 502(e) of this title; or
“(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under § 501 of this title.”
Neither of the exceptions apply in this case. Furthermore, in In re Duncan, 60 B.R. 345 (Bankr.M.D.Ala.1986), the federal district court held that, “[I]f a [creditor’s] claim based on a judgment lien is not an allowed secured claim due to absence of property in the estate to which the lien can attach, the lien is void.” Because John Deere’s hen was an unsecured claim against the Housers, the lien is void.
Additionally, in Matter of Baitcher, 781 F.2d 1529 (11th Cir.1986), the Eleventh Circuit Court of Appeals held that, in no-asset bankruptcy cases, unless a creditor was omitted from the debtor’s schedule of creditors for wrongful reasons such as fraud or intentional design, the debt would be discharged. I agree with the trial court that there is no evidence of fraud or intentional design in this case.
For these reasons, I believe that the trial court properly determined that John Deere’s judgment hen was discharged by the bankruptcy court, even though the Housers did not hst the company as a creditor on its schedule of creditors.
Once the hen was discharged, it could not be revived to attach to Parcel 2, the property Don and Sandra Houser acquired after their debts had been discharged. “A hen under Alabama law does not become a hen on property of a debtor acquired after filing a petition in a case under Title 11 U.S.C. if the debt giving rise to the hen is released by a discharge in the ease.” In re Duncan, 60 B.R. 345, 346 (Bankr.M.D.Ala.1986). The Duncan court went on to say that if the judgment hen were allowed to attach to after-acquired property, the “well established ‘fresh start’ policy” of bankruptcy courts would be defeated. Id.
Therefore, I also agree with the trial court’s holding that Hicks and the Blevins took title to Parcel 2 “free and clear of any claim of the John Deere Company.”
I beheve that the trial court properly found that the judgment hen John Deere had against the Housers had been discharged by the action of the bankruptcy court, therefore, I would affirm the trial court’s entry of the summary judgment against John Deere. I respectfully dissent.
ROBERTSON, P.J., concurs.