181 So. 750

### PATE v. PATE et al.

### 6 Div. 180.

Supreme Court of Alabama.

May 19, 1938.

Rehearing Denied June 16, 1938.

Bealle & Mize and Reuben H. Wright, all of Tuscaloosa, for appellant.

Edw. deGraffeinreid, of Tuscaloosa, for appellees.

THOMAS, Justice.

The testimony in the case was given viva voce before the trial court rendering the decree, and is subject to the intendments that prevail in such a decree rendered on such hearing. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Andrews v. Grey, 199 Ala. 152, 74 So. 62.

The averments of the bill as to the real property in question are as follows:

"That on the 5th day of January, 1933, complainant loaned Six Hundred & No/100 ($600.00) Dollars in money of her own money to R. C. Patterson, a son-in-law of complainant, with which money on said date the said R. C. Patterson purchased from R. H. Loakey and wife, Mandy Loakey, the following described real estate in Tuscaloosa County, Alabama, to-wit: The South Half of the Southwest Quarter (S½ of SW¼) and the Southwest Quarter of the Southeast Quarter (SW¼ of SE¼) Section 26, Township 22, Range 12, West, containing 120 acres more or less, lying and being in Tuscaloosa County, Alabama.

"That said sum of Six Hundred & No/100 ($600.00) Dollars was the full purchase price for said property, and that on said date of January 5, 1933, the said R. H. Loakey and Mandy Loakey, his wife, executed and delivered to the said R. C. Patterson a warranty deed conveying the above described property to the said R. C. Patterson.

"That on said date of January 5, 1933, R. C. Patterson and wife, Delia Patterson, did execute and deliver to complainant a mortgage in the amount of Six Hundred & No/100 ($600.00) Dollars, on the above described property, which said mortgage was prepared by Roy Faucette of Northport, Alabama, and executed in his presence by the said R. C. Patterson and wife, Delia Patterson, who also acknowledged before the said Roy Faucette as a Notary Public, that said mortgage was never recorded by complainant but was kept in her possession until the 3rd day of June, 1936."

It is further averred that on June 3, 1936, complainant's oldest son Felix Martin Pate persuaded her to call on Patterson for the above described property, and that conveyance from the latter be made to complainant and Felix Martin Pate, as joint grantees; that Patterson did execute and deliver to her and said Felix Martin Pate a deed to the property, which was understood as cancellation and payment of the mortgage

indebtedness from Patterson and wife to complainant; that on the same date Patterson and wife executed and delivered a warranty deed so conveying the property, "The sole consideration of said deed being the extinguishment of said mortgage indebtedness which was owed as above stated by the said R. C. Patterson and wife, Delia Patterson to complainant, said deed being recorded on the 10th day of July, 1936, in Deed Book 179, Page 102 in the office of the Judge of Probate of Tuscaloosa County, Alabama. Also on said date complainant returned to the said R. C. Patterson and Delia Patterson the mortgage above referred to marked paid."

The prayer of the bill was:

" * * * declare in said decree that complainant is the real and sole owner of said property in fee simple and entitled to the possession and control of said property and everything thereon, except the bed and personal effects brought thereon by respondent and his wife; that Your Honor will order possession of said property restored to complainant and will issue an order requiring respondent and his said wife to remove themselves from said house and off of said property forthwith, taking with them only such personal property as they brought with them when they came on said property."

The answer of Felix Martin Pate was that complainant held the mortgage in question and that she "had been unable to collect the interest due her by R. C. Patterson and wife on said mortgage and requested respondent to negotiate with the said R. C. Patterson with the view of securing a deed to said property, that in the event he was successful in his negotiations with Patterson that the complainant would give the respondent title to an undivided one-half interest in and to the same * * *." That he acted on such proposition and secured the deed in question, the "consideration for the execution of said Deed being the amount due on said mortgage to the complainant, which said mortgage was executed on the 5th day of June, 1933." The answer further avers that after the date of the last named deed complainant and respondent spent much money and respondent did much work in building fences and otherwise improving said farm described in the bill.

R. C. Patterson answering, by way of petition for intervention, said that he was in corroboration with the statements contained in the original bill and concludes with the following prayer:

"Petitioner prays to be permitted to intervene in said cause and to redeem said property under the statutory right of redemption or equity of Redemption given petitioner under the laws of the State of Alabama. And petitioner hereby tenders into Court the amount of the principal sum of said mortgage, together with 10 per cent interest thereon from said date of June 3rd, 1936, together with $150.00 dollars to cover the amount of improvements made on said property since said date.

"Petitioner prays for such other, further and additional relief to which in equity and good conscience he may be entitled."

The amended bill of complaint avers failure of consideration for the deed on the part of respondent Felix Martin Pate; that after he and complainant moved in the home on the land, he did not properly maintain and support her, was not kind and sweet to her, but treated her with cruel and inhuman treatment and cursed her on numerous occasions, and he and his wife "took complete control and dominion over said home and all of the effects and belongings therein, and all of the personal property thereon, until complainant was finally forced to move off of said premises."

An amendment to the original bill is to the following effect:

"Complainant further prays that if Your Honor finds that she is not entitled to the relief above prayed for, and if Your Honor finds that complainant and respondent are each owners of a one-half undivided interest in said property that Your Honor will find that the same cannot be equitably divided in kind, and will order the same sold for division by the Register of this Court in accordance with the rules of this Court, the proceeds to be divided between complainant, and respondent after deducting therefrom attorney's fees and Court costs."

The evidence is voluminous. A case of agreements and misunderstandings among close relatives. Family settlements, where not tainted with fraud, have been upheld by chancery courts. Betts v. Ward, 196 Ala. 248, 72 So. 110.

The evidence has been carefully examined and it would serve no good purpose to discuss it in detail. It is sufficient to say that the learned trial judge, hearing the witnesses, in open court, rendered a just

decree, to the effect that Patterson had not disposed of his statutory right of redemption, was the owner of the real property described, and had the right to redeem the same under the mortgage or contract for foreclosure given by himself and wife to complainant on January 25, 1933; that on June 3, 1936, Patterson and wife, Delia Patterson, conveyed the property by deed to complainant and Felix Martin Pate, said deed being a virtual foreclosure.

The court further held that R. C. Patterson had tendered the amount of Eight Hundred Twenty Dollars into court to redeem the property, and that said sum "is the amount of said debt, with ten per cent interest thereon since June 3rd, 1936, plus One Hundred Seventy-Five Dollars, the correct amount to cover the improvements made on said property since said date of June 3rd, 1936," the date of the last named deed by respondent Felix Martin Pate, and that said amount is the correct amount in full necessary to redeem the property at the instance of R. C. Patterson. § 9485, Code of 1923, wherein the intervention is authorized. Awbrey v. Estes, 216 Ala. 66, 112 So. 529.

The decree further declared that R. C. Patterson was the "owner·in fee simple, free from all encumbrances" of said property described in the original bill.

The decree further found that complainant Lula V. Pate and respondent Felix Martin Pate are each the owners of a one-half interest in said mortgage debt, and the register was ordered to divide said redemption money tendered into court equally between complainant Lula V. Pate and respondent Felix Martin Pate, after costs of the litigation had been deducted therefrom, and after One Hundred Seventy-Five Dollars had been paid to Felix Martin Pate for improvements made by him upon the land.

The court further found, as to the personal property, that:

"The complainant Lula V. Pate is the owner of all personal property, furniture, and effects situated and located in said house, on said property, and on said land, except such personal effects as the respondent may have brought with him when moving on said property, and except such personal property as the respondent may have purchased from Nelson Pate, or people other than the complainant, Mrs. Lula V. Pate, since moving on said property."

This decree is in accord with the established facts and the justice of the case.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.