195 So. 729
### W. T. RAWLEIGH CO. v. PATTERSON et al.
#### 6 Div. 504.

Supreme Court of Alabama.
March 28, 1940.

C. H. Penick, Jas. W. Mustin, Jr., and Henry H. Mize, all of Tuscaloosa, for appellant.

Edw. de Graffenried and E. D. McDuffie, both of Tuscaloosa, for appellees.

BOULDIN, Justice.

Bill in equity by judgment creditor to enforce the lien of a registered judgment on real estate owned by the judgment debtor.

As between them the issue tried in the court below was whether the judgment lien ever attached.

This inquiry turns on whether the property was the homestead of the judgment debtor and therefore exempt. The trial court found this issue for defendant. The controlling facts are not in conflict. The trial court rendered an opinion, setting out the finding of facts on which his decree was based.

In March, 1932, complainant obtained a judgment in the circuit court on a demand ex contractu. On same date a certificate of such judgment, in compliance with Code, § 7874, was filed and recorded. A balance on this judgment is still unpaid. In January, 1933, the judgment debtor purchased and obtained a warranty deed to 120 acres of land, less in value than $2,000.

Touching his occupancy of this land as a homestead, the trial court found: "R. C. Patterson [the judgment debtor] had never cultivated but a small portion of said land, and never paid taxes thereon. He rented to tenants the major portion of said lands and lived on his wife's homestead a short distance away, but not contiguous to the lands described in the bill of complaint. until July 5th, 1938."

The record supports this finding. This bill was filed in December, 1938.

While there is no direct finding that the property was purchased with the intention of making it a homestead, we construe the opinion to so hold.

After a recital of further facts, the opinion proceeds:

"On July 5th, 1938, respondent R. C. Patterson, moved off the property owned by his wife, Mrs. Delia Patterson, and his wife, Delia Patterson, and his mother-in-law, Mrs. Lula V. Pate, have resided with him continuously on the lands described in the complaint since that time.

"Said R. C. Patterson, by reason of financial inability and through litigation in the Circuit Court and Supreme Court of Alabama, in regard to said lands, was unable to get possession of the same and occupy the same as a homestead until the said date of July 5, 1938.

"It is clear to the Court that R. C. Patterson moved on said premises and occupied the same as a homestead in good faith and without the purpose on his part of defeating the claim or lien of any creditor. The judgment of complainant was obtained on March 31, 1932, and the deed of Lokey to Patterson was executed January 5, 1933."

Other facts may be thus summarized:

When purchased this property had no residence thereon. In 1933, a small house was built and occupied by tenants of the purchaser. In 1935, he made arrangements with his mother-in-law to build, or enlarge, the tenant house, into a suitable family residence with agreement that she should live there with himself and family. She built the house and moved in; has lived there ever since. When Patterson purchased the property, he borrowed the money from her to pay for it in full, and gave her a contemporaneous mortgage, which was not recorded.

In 1936, Patterson being unable to pay the mortgage debt, a deed, absolute in form, was executed to the mortgagee and her son, jointly, at her direction.

A partition suit between these grantees was instituted. Patterson intervened, setting up that the deed was in fact a mortgage, security for the original loan of $600, and prayed for redemption. This suit resulted favorably to Patterson. Pate v. Pate et al., 236 Ala. 320, 181 So. 750.

In 1937, Patterson effected a redemption of the property, obtaining the money to make the redemption, $724.25, from H. P. Patrich giving him a mortgage on the property to secure the loan. Patrich was made respondent to the present bill. In our opinion, many of these facts are immaterial to the question here involved, namely, the existence of a judgment lien superior to the homestead claim.

█ The statutory judgment lien attaches to property of the debtor subject to

levy and sale, acquired after the registration of the judgment. It becomes a subsisting lien from the time the property is acquired, and continues for ten years from the date of the judgment. All persons are charged with notice of such lien. Once attached, it is not subject, as in some jurisdictions, to withdrawal by later occupancy and claim under homestead laws. Emrich v. Gilbert Manufacturing Co., 138 Ala. 316, 35 So. 322; Murphy v. Hunt, Miller & Co., 75 Ala. 438; Scaife v. Argall, 74 Ala. 473; Bell v. Anniston Hardware Co., 114 Ala. 341, 21 So. 414; Manchuria S. S. Co. v. Harry G. G. Donald & Co. et al., 200 Ala. 638, 77 So. 12; Warren v. Jones, 219 Ala. 213, 121 So. 519; Ex parte Scharnagel, 223 Ala. 4, 136 So. 834; Note: 110 A.L.R. 884.

The question then resolves itself into this:

Did a homestead status attach to this property at the time title was obtained thereto by the judgment debtor? If so, the judgment lien never attached because the property was exempt from levy and sale. We must hold no homestead status did attach to this land when acquired for two reasons.

1st. The home of the judgment debtor at that time, and for several years thereafter, was with his family, residing upon a homestead of one hundred acres owned by his wife. This was a separate tract. Beard v. Johnson, 87 Ala. 729, 6 So. 383; Boyle v. Shulman, Goetter & Weil, 59 Ala. 566; Turner v. Turner et al., 107 Ala. 465, 18 So. 210, 54 Am.St.Rep. 110; Moseley v. Neville, 221 Ala. 429, 129 So. 12; Hodges v. Hodges, 201 Ala. 215, 77 So. 741.

The case of J. A. Sloan & Co. v. Fields, 221 Ala. 54, 127 So. 816, is not in conflict with above authorities. It recognizes the doctrine of taking of two parcels used as a homestead although one he held under leasehold estate, and the other in fee. But does not affirm any right to two homesteads in different ownership as shelters and bases of supplies for one family.

2nd. The evidence discloses no such occupancy or use of the property for several years after its purchase as to stamp it with a homestead character as of the date title was acquired.

The law looks with favor on the homestead; and statutes are to be construed liberally in furtherance of the public policy they express.

Accordingly, when lands are purchased for a home, although a registered judgment stands against the purchaser, he may proceed to occupy it; and if there be no residence thereon, proceed to provide one, make such use of same as a base of family supplies as he may, and so prevent the attaching of a judgment lien.

But this calls for action, not mere intention. This court, in Blum v. Carter, 63 Ala. 235, 237, fully considered the question. Quoting from Neal v. Coe, 35 Iowa 407, dealing with acts of removing to a newly purchased residence, such as moving part of the furniture, moving out of the former home, and boarding temporarily awaiting repairs, before moving the family in, etc. After reviewing other cases, the opinion proceeds: "Guided by these principles, we hold that, to constitute a valid claim of homestead, there must be an occupancy in fact, or a clearly defined intention of present residence and actual occupation, delayed only by the time necessary to effect removal, or to complete needed repairs, or a dwelling-house in process of construction. An undefined, floating intention to build or occupy at some future time, is not enough. And this intention must not be a secret, uncommunicated purpose. It must be shown by acts of preparation of visible character, or by something equivalent to this. Daniel v. Collins, 57 Ala. 625; Boyle v. Shulman, 59 Ala. 566; Preiss v. Campbell [59 Ala.] 635; Chambers v. McPhaul, 55 Ala. 367."

Quite clearly, we think, the erection of a tenant house, and renting the property in greater part for two years, and then making arrangements to build a family residence, does not meet these conditions.

The decree of the court below cannot be sustained.

The equities as between complainant and the mortgagee, who furnished the money to redeem from the mortgage given in lieu of original mortgage for borrowed money with which the property was purchased, are not here involved.

What we have written is not to be deemed expressive of any views thereon.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.