In re Peggy E. THOMAS, a/k/a Peggy E. Blades, Debtor.

In re Ivan G. BLADES, Debtor.

**Bankruptcy Nos. 283–03951–B–7, 283–03963–B–7.**

United States Bankruptcy Court, E.D. California.

June 29, 1989.

Mark R. Van Den Heuvel, Van Den Heuvel & Van Den Heuvel, Yuba City, Cal., for debtor.

Lee Whipple, Law Offices of F.J. Donehue, Fremont, Cal., for creditor Fireside Thrift Co.

## DEBTORS' MOTIONS TO REOPEN CASES AND AVOID LIEN

DAVID E. RUSSELL, Bankruptcy Judge.

## MEMORANDUM OF OPINION GRANTING MOTION IN PART

Since the facts and issue in both of the above-entitled cases are the same, they were consolidated for hearing and decision. The facts are not in dispute. Creditor Fireside Thrift Co. (hereinafter "FTC") obtained a judgment against the Debtors and recorded an abstract of judgment thereon in Sutter County on August 11, 1983. Debtors filed their separate petitions under Chapter 7 of the Bankruptcy Code in September of 1983 and their discharges were entered in February 1984. FTC concedes that its judgment was voided by the discharge.

In February of 1988 the Debtors purchased a house in Sutter County for use as their family residence. Because the abstract of judgment recorded by FTC in 1983 was never formally expunged, a judgment lien purportedly attached to the residence immediately upon transfer of title to the Debtors in 1988. The Debtors sold the house in late 1988 or early in 1989 and the escrow holder presently retains $5,572.66 which, as far as the latter is concerned, is secured by the judgment lien in favor of FTC. FTC has refused to acquiesce to the Debtors' demands to release the lien on the sales proceeds and, of course, the escrow holder will not pay the disputed sum to either party without a court order.

1. C.C.P. § 697.310 provides in pertinent part that a "judgment lien on real property is created ... by recording an abstract of a money judgment with the county recorder."

2. § 697.340(a) provides in pertinent part that "[a] judgment lien on real property attaches to all interest in real property in the county where the lien is created ..."

3. The section furthermore provides that "the judgment lien attaches to such interest at the time it is acquired." (C.C.P. § 697.340(b) (emphasis added)). Although the plain language of the Code defines a lien as "a charge imposed *upon specific property* by which it is made secur-

## ISSUE

The task presented to this court is one of determining the validity, enforceability, and avoidability of a judgment lien which arose from the pre-petition recordation of an abstract of judgment (the underlying judgment having subsequently been "discharged" in bankruptcy) and which subsequently and mechanically attached to property purchased by the Debtors post-petition by operation of state law.

## DISCUSSION

### 1) Validity, Extent, and Enforceability of FTC Judgment Lien

In California, a money judgment creditor may obtain an abstract of that judgment from the clerk of the court issuing the judgment pursuant to California Code of Civil Procedure (hereinafter "C.C.P.") § 674. When the abstract is recorded with a county recorder it creates a lien on all of the judgment debtor's real property in that county (C.C.P. §§ 697.310(a) [1], 697.-340(a) [2]) as well as upon "any interest in real property in the county on which a judgment lien could be created under subdivision (a) ... acquired after the judgment lien was created ..." (C.C.P. § 697.340(b)) [3].

FTC contends that it has a valid lien on Debtors' after-acquired property because an abstract of judgment was properly recorded prior to the date Debtors' bankruptcy petitions were filed and was neither discharged nor avoided under any of the applicable Code provisions. Furthermore, although it acknowledges the fact that it is

ity for the performance of an act" (C.C.P. § 1180, emphasis added) thereby suggesting that a lien can exist only if there is a res to which the lien can attach, the Code is riddled with references such as the one noted in §§ 697.340(b) above which create the anomalous impression that a lien could actually exist despite the absence of attachable property. This court is inclined to adopt the California Code's unambiguous definition of a "lien" as the proper manifestation of legislative intent and draw its own conclusions in accordance therewith. (See also 11 U.S.C. § 101(33) ("'lien' means charge against or interest in property to secure payment of a debt or performance of an obligation." (Emphasis added)).

enjoined by 11 U.S.C. § 524(a)(2)[4] from enforcing the lien against the Debtors, it finds no authority in the Code which would require it to release the lien absent an order of this court.

The problem with FTC's argument, however, is that it is based upon the false premise that a "lien" actually exists. The California courts have long recognized the maxim that a lien cannot survive (much less be created in the first place) absent the existence of an enforceable underlying obligation. (*Gostin v. State Farm Insurance Co.*, 224 Cal.App.2d 319, 325, 36 Cal.Rptr. 596 (citing *East Bay Municipal Utility District v. Garrision*, 191 Cal. 680, 692, 218 P. 43; *Pacific Finance Corporation v. Hendley*, 119 Cal.App. 697, 704, 7 P.2d 391)). Furthermore, as was noted above, a lien cannot exist in the absence of an underlying attachable "res".

Working chronologically, this court finds that no lien could have existed as a matter of law on the date the Debtors filed their respective petitions in bankruptcy because of the absence of attachable property at that date. Conversely, no judgment lien could have been created post-discharge even though the Debtors had acquired attachable property because the underlying judgment was previously discharged and rendered void.[5] Consequently, this court must find that the FTC lien currently encumbering the proceeds from sale of the Debtors' residence is void and unenforceable.[6] (See e.g., *In re Yates*, 47 B.R. 460, 462 (D.Colo.1985) (when underlying judgment is discharged before "res" exists upon which the "lien" could attach, no subsequent basis for a lien exists).

### 2) *Avoidability of FTC's Lien*

Having determined that FTC's "judgment lien" is void and of no effect, the issue of avoidance is easily resolved. Although substantial provisions are built into the Bankruptcy Code for the "discharge" of obligations (see e.g., 11 U.S.C. §§ 727, 944, 1141, 1228, and 1328) and the "avoidance" of particular liens (e.g., 11 U.S.C. §§ 522(f), 506(d)), there exists no specific provision expunging voided liens from official records.

Prior to its repeal in 1983, C.C.P. § 675b provided that at any time after one year from the receipt of discharge and following a hearing on the issue of the validity of the discharge, a bankrupt debtor could apply for a state court order which would render the previously discharged judgment can-

---

**4.** § 524(a)(2) provides as follows;

§ 524. Effect of Discharge.
(a) A discharge in a case under this title—
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

**5.** § 524(a)(1) provides that a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 ... of this title, whether or not discharge of such debt is waived". (Emphasis added).

The plain language of 11 U.S.C. § 524(a)(1) compels a finding that a "discharge" was merely intended by Congress to render the underlying obligation "unenforceable" against the Debtor personally as opposed to "void" in toto. (11 U.S.C. § 524(a)(1); see, e.g., *In re Berry*, 85 B.R. 367 (Bkrtcy.W.D.Pa.1988)). The distinction, however, is irrelevant where as in the present case the judgment has been discharged before a valid judgment lien could be created. Because

no lien exists, the creditor (FTC) merely has an "in personam" judgment against the Debtors personally and no "in rem" action against collateral. Thus, for all intents and purposes the judgment is completely void.

**6.** The court notes that other jurisdictions faced with this issue have relied substantially upon 11 U.S.C. § 506(d) to arrive at the legal conclusion that a judgment lien which had not attached to any property at the date of bankruptcy was necessarily void and could not thereafter attach to any property which the Debtors might subsequently acquire post-petition. (*In re Duncan*, 60 B.R. 345 (Bkrtcy.M.D.Ala.1986); *In re Watson*, 49 B.R. 23 (Bkrtcy.Ala.1985)).

11 U.S.C. § 506(d) provides as follows;
(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void ... [with certain inapplicable exceptions]. (Emphasis added).

This court finds § 506(d) to be inapplicable due to the fact that it prescribes the treatment of "liens". Consistent with the discussion above, this court would hold that because no lien ever evolved, the terms of § 506(d) would not be called into play.

**202**

celed and discharged as a matter of record.[7] The Law Revision Commission Comment accompanying the 1983 repeal stated as follows;

> Section[ ] 675(b) [is] repealed because [it is] unnecessary. The effect of a discharge in bankruptcy is determined by the Bankruptcy Code. See 11 U.S.C. § 524. [16 Cal.L.Rev.Comm. Reports 1793 (1982)].

Although this court questions the Commission's conclusion that 675b was rendered "unnecessary" by 11 U.S.C. § 524, it must agree that the determination of the validity or existence of a discharge is more properly determined by the bankruptcy court which initially rendered the discharge. In any event, the parties do not challenge the jurisdiction of this court to enter an order expunging the FTC lien as of record, the validity of the discharge has not been disputed by the interested parties, and the lien has been characterized as void pursuant to the above legal analysis.

## DISPOSITION

Pursuant to the analysis above and for the reasons expressed therein,

IT IS HEREBY ORDERED that the judicial lien currently encumbering the proceeds held in escrow from the sale of the Debtors' residence known only to this court as "the Blades' real property in Sutter County" in favor of the Fireside Thrift Co., is VOID and as such shall be and is hereby EXPUNGED of record.

■ IT IS FURTHER ORDERED that the Debtor's request for attorneys' fees and costs incurred as a result of bringing this motion be and is hereby DENIED. 11 U.S.C. § 524(a)(2) prevents FTC from commencing or continuing an action, the employment of process, or an act, including telephone calls, letters, and personal con-

tacts to collect, recover or offset any discharged debt as a personal liability of the debtor. (3 Collier on Bankruptcy (15th Ed.1989) ¶ 524.01 at 524–4). The Debtors have offered no convincing proof that the FTC has violated this injunction. Rather, this court agrees with the stance taken by FTC that it is incumbent upon the Debtor, not the creditor, to take the steps necessary to expunge any liens rendered unenforceable by the former's discharge in bankruptcy.

Debtors shall forthwith prepare and submit a proposed judgment consistent with the above decision.

---

7. C.C.P. § 675b provided in pertinent part as follows;

> At any time after one year has elapsed since a bankrupt was discharged from his debts under the Bankruptcy Act, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him ... for an order directing the judgment to be canceled and discharged of record. At the hearing, the court shall consider such evidence on the issue whether the judgment or debt upon which the judgment was recovered has been discharged. If it appears that the judgment or debt has been discharged, an order shall be made directing such judgment to be canceled and discharged of record ... [as amended by Stats.1969, c. 902, § 1].