**In re Thomas Michael OGBURN, Debtor.**

**Thomas Michael OGBURN, Plaintiff,**

v.

**SOUTHTRUST BANK, Defendant.**

**Bankruptcy No. 92–01760–APG.**
**Adversary No. 94–00183–APG.**

United States Bankruptcy Court,
M.D. Alabama.

Nov. 2, 1995.

Charles G. Reynolds, Sr., Alexander City, AL, for Debtor/Plaintiff.

Mitchell E. Gavin, Alexander City, AL, for Defendant.

## OPINION

A. POPE GORDON, Bankruptcy Judge.

The debtor commenced this adversary proceeding to avoid a judgment lien held by SouthTrust Bank.

The debtor filed a motion for summary judgment, and the parties submitted the motion based on the pleadings and briefs and arguments of counsel.

The facts are not in dispute.

SouthTrust Bank obtained a prepetition judgment against the debtor in the amount of $62,302.25. The bank recorded the judgment in August 1991.

The debtor filed a petition under chapter 7 of the Bankruptcy Code in April 1992. The debtor owned no real property on the date of the petition. The debtor owned some personal property, all of which he claimed exempt.[1]

The debtor obtained a discharge under 11 U.S.C. § 727 on August 18, 1992. The trustee did not administer any assets during the pendency of the case.

After the discharge, the debtor acquired an interest in the real property constituting his homestead.[2]

The bank claims a lien on the property based on the recorded judgment.

The debtor filed this complaint to determine the validity of the lien.

█ *Ala.Code* § 6–9–211 (1975) provides as follows:

> Every judgment, a certificate of which has been filed as provided in Section 6–9–210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment....

█ The lien attaches to property acquired during the ten-year period.[3] The lien, however, does not attach to homestead property exempt from levy and execution.[4]

---

1. The debtor owned and claimed exempt a 1977 Ford Pickup, a 1982 Ford Pickup, an air conditioner, and clothing and personal items.

2. The debtor and his wife desire to sell the property.

3. *Barber v. Beckett,* 251 Ala. 569, 39 So.2d 17 (1949); *W.T. Rawleigh Co. v. Patterson,* 239 Ala. 309, 195 So. 729 (1940).

4. The lien created under *Ala.Code* § 6–9–211 attaches only to property "subject to levy and sale under execution." The homestead is not subject

In the case *sub judice*, the evidence does not disclose whether the debtor's interest in the real property falls within the limits of the homestead exemption.[5]

The court will proceed as if the homestead exemption statute is not dispositive of this proceeding.[6]

The debtor relies on *In re Duncan*, 60 B.R. 345 (Bankr.M.D.Ala.1986) and contends that the discharge of the debt to the bank terminated the lien with respect to property to which the lien had not attached prepetition.[7]

The bank relies on *In re Wrenn*, 40 F.3d 1162 (11th Cir.1994). The debtor contends that *Wrenn* is not applicable to the facts of this case. The court agrees.

The Eleventh Circuit held in *Wrenn* that a judgment lien which attached to property prepetition is not voided by a chapter 7 discharge.[8] However, the Wrenn court did not have the opportunity to consider whether the same judgment lien would extend to property acquired postpetition.

■ The distinction is meaningful:

The effect of release from the judgment is to extinguish the judgment.... Since a judgment lien cannot exist independently of the judgment, such lien is discharged by the satisfaction and extinguishment of the judgment.

*In re Duncan*, 60 B.R. 345, 348 (Bankr. M.D.Ala.1986) (citations omitted).

A treatise on bankruptcy explains that "the discharge may permanently suppress floating liens for dischargeable debts" as follows:

The discharge enjoins any "action, the employment of process, or an act, to collect, recover or offset" a discharged debt "as a personal liability of the debtor ..." 11 U.S.C.A. § 524(a)(2). The same reasoning argues for interpreting the language "act, to collect, recover" to cover and enjoin a prepetition lien that would float to the debtor's postpetition property.

It is possible that the spread of a prepetition judgment lien is also stopped by the language of (a)(1) that "voids any judgment." Id. § 524(a)(1). The judgment is a debt which the lien of judgment secures. Without the debt there is nothing to secure and no basis for the lien. The lien is most probably preserved to the extent of property to which it has already attached. To any further extent, however, the judgment lien is seemingly undermined, quite literally, by voiding the judgment debt.

1 David G. Epstein et al., *Bankruptcy* § 3–11, at 155–56 & n. 27 (1992).

Another treatise on bankruptcy also states that a discharged prepetition judgment "cannot be the basis for a creditor obtaining a lien on property which was not subject to a lien prior to bankruptcy." [9]

---

to levy and sale under execution to the extent exempt under *Ala.Code* § 6–10–2 (1975):

The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, ... exempt from levy and sale under execution or other process for the collection of debts ...

See *Barber v. Beckett*, 251 Ala. 569, 572, 39 So.2d 17 (1949). Under Alabama case law, the homestead is not exempt from tort judgment liens. *Harris v. Jenkins*, 265 Ala. 315, 90 So.2d 764 (1956).

5. See *supra*, n. 4. To the extent that the debtor's interest falls within the limits of the homestead exemption, the property is not subject to the lien of SouthTrust Bank. See *Ala.Code* § 6–10–2 (1975).

6. To the extent that the debtor's interest in the property exceeds the limits of the homestead

exemption, the validity of the lien on the property is a viable issue.

7. The lien did not attach to the real property in question prepetition because the lien could not attach until the debtor acquired the property. See *W.T. Rawleigh Co. v. Patterson*, 239 Ala. 309, 195 So. 729 (1940). Indeed, one court has concluded that a lien does even exist in the absence of an attachable *res. In re Thomas*, 102 B.R. 199 (Bankr.E.D.Cal.1989).

8. The court reasoned that the "discharge does not affect liability *in rem*, and prepetition liens remain enforceable after discharge." *Wrenn*, 40 F.3d at 1164. See 11 U.S.C. § 524(a) which states that a discharge voids a judgment only to the extent of the *personal liability* of the debtor.

9. 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 524.02, at 524–18 (15th ed.1995) citing *In re Thomas*, 102 B.R. 199 (Bankr.E.D.Cal.1989)

In the case *sub judice*, the lien did not attach to the real property prior to bankruptcy. The discharge released the debtor from personal liability on the debt.[10] "Without the debt there is nothing to secure and no basis for the lien." [11]

A separate judgment will enter voiding the judgment lien of SouthTrust Bank.

(prepetition judgment that became void due to discharge did not give rise to lien on real property acquired after discharge). Under California law, like Alabama law, a judgment lien may attach to after-acquired property. *In re Thomas*, 102 B.R. at 200.

**10.** This court is not holding that 11 U.S.C. § 524 voids *in rem* liability on the judgment debt. The court is merely holding that upon discharge of the *in personam* liability, there is no basis for the lien to attach to property acquired postpetition.

**11.** 1 David G. Epstein et al., *Bankruptcy* § 3–11, at 156 n. 27 (1992).