**In re Milton SCHNEIDERMAN,
Debtor.**

No. 99–00521.

United States Bankruptcy Court,
District of Columbia.

Oct. 17, 2000.

Nelson C. Cohen, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, L.P., Washington, DC, for debtor.

Lance W. High, Kirkpatrick & Lockhart LLP, Washington, DC, for creditor.

### ORDER ADDRESSING MOTION FOR STAY PENDING APPEAL

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The Chase Manhattan Bank ("Chase") seeks a stay pending appeal of the portion of the court's Order Approving Compromise and Settlement of Claims and Sale of Assets that required Chase to dismiss its pending Motion to Satisfy a Judgment by Garnishment Pursuant to Section 16–579 of the District of Columbia Code ("the Garnishment Motion") pending in the case of *The Chase Manhattan Bank v. Milton Schneiderman*, Case No. 1:97CV02719 (TFH), in the United States District Court for the District of Columbia. The Garnishment Motion seeks to enforce a judgment Chase recovered against the debtor, Schneiderman, by holding the debtor's employer, Madison Residential Development Company ("Madison"), liable under D.C.Code Ann. § 16–579. The court will address Chase's stay motion by employing the usual four-factor approach employed in this circuit, and deny the request for a stay, except for a 15-day stay conditioned on the posting of a bond of $20,000, to permit seeking a stay in the district court.

1. Chase apparently recognizes that the trustee had authority to compromise whatever rights Chase had under § 16–579 with respect to Madison's prepetition employment of the

## I

▪ Chase has not shown any likelihood of succeeding on appeal. Chase has raised a frivolous issue. Chase has raised no issue regarding the court's order requiring Chase to take steps to obtain a dismissal of its Garnishment Motion so far as it concerns **prepetition** employment of the debtor.[1] Instead, Chase's Statement of Issues to be Presented filed on September 1, 2000, frames the issue on appeal as:

Whether the Bankruptcy Court erred in concluding that the injunction created by the Debtor's discharge bars Chase from pursuing a garnishment action under District of Columbia Code section 16–579 against [Madison] for the recovery of unpaid post-petition wages of the Debtor, and thus that Chase should be required to dismiss its action against Madison, where such an action is not an action against the Debtor, the Debtor's property, or the property of the Debtor's bankruptcy estate?

Chase's argument that it does not seek to collect from the debtor's property and that it does not seek to enforce the debtor's liability was rejected by this court's Supplemental Decision at pp. 25–27 (footnote omitted):

Chase's contention that it seeks only to recover from Madison's own property and not the debtor's disregards the fact that § 16–579 is intended to protect against frustration of the attachment remedy. The debtor's discharge bars Chase from collecting the debt via attachment, and the § 16–579 remedy designed to protect against frustration of that attachment remedy thus does not apply.

. . .

. . . Chase improperly seeks to pursue collection of its judgment against debtor. *See* this court's Supplemental Decision entered August 17, 2000 ("Supplemental Decision") at pp. 2, 23–24, and 25 n. 12.

Schneiderman via employer liability of Madison arising out of postpetition services. Chase incorrectly contends that it is merely pursuing a separate claim . . . against Madison because Madison is independently liable to it under § 16–579. As discussed above, § 16–579 is not an independent cause of action, rather, the liability of Madison under § 16–579 is predicated upon the existence of the judgment against the debtor. Because the judgment against the debtor was extinguished by virtue of his discharge, there is currently no debt upon which to base a § 16–579 garnishment proceeding.

The court thought that succinct analysis sufficient to demonstrate that Chase's argument was meritless. But the court will elaborate to show that the analysis is supported by the plain language of the Bankruptcy Code and by a Supreme Court decision decided in 1934 which Chase has failed to acknowledge.

### A.

■ Chase seeks to collect its claim from Madison under D.C.Code Ann. § 16–579 with respect to the debtor's postpetition employment by Madison. Chase never obtained the issuance of a writ of garnishment against Madison. For the reasons explained in part IV of the Supplemental Decision at pp. 10–13, the issuance of a writ of attachment is the necessary predicate to create any rights under D.C.Code Ann. § 16–579 with respect to the debtor's postpetition employment.

■ The debtor has received a discharge pursuant to 11 U.S.C. 727(a) which discharged Chase's claim.[2] Under 11 U.S.C. § 524, that discharge

- voided the judgment against the debtor as a determination of his personal liability (§ 524(a)); and
- enjoined the employment of process to collect the debtor's debt as a personal liability of the debtor (§ 524(b)).

Unless the debtor's discharge is later revoked under 11 U.S.C. § 727(d), the discharge injunction will continue to bar Chase from enforcing its prepetition judgment by obtaining issuance of a writ of garnishment. Without a writ of garnishment, Chase cannot pursue any § 16–579 remedy in aid of that writ. Chase's appeal is thus plainly frivolous.

### B.

■ Chase might argue that its Garnishment Motion was the equivalent of a writ of attachment. Such an argument would be frivolous. The Garnishment Motion requested that the district court direct the clerk to issue a writ of attachment. There is no attachment until a writ of attachment is issued and served. *See* D.C.Code Ann. §§ 16–521(a) (interrogatories may inquire about any "indebtedness of [the garnishee] to the defendant **at the time of the service of the attachment**" (emphasis added)) and 16–546 ("[a]n attachment shall be levied upon credits of the defendant, in the hands of a garnishee, **by serving the garnishee with a copy of the writ of attachment**" (emphasis added)).

### C.

■ But even if the Garnishment Motion were the equivalent of a writ of attachment, that would not alter the outcome. Had Chase served a writ of garnishment prepetition, Chase could have acquired *in rem* rights or third-party liability rights prepetition with respect to the debtor's **prepetition** employment by Madison—namely, either a

---

2. Chase failed to file a timely complaint objecting under 11 U.S.C. § 727(b) to the debtor's being granted a discharge, and failed to file a timely complaint under 11 U.S.C. § 523(c) to determine that Chase's claim was nondischargeable under 11 U.S.C. § 523(a)(1), (2), (4), (6), or (15). Its claim similarly is not nondischargeable under other provisions of § 523(a).

garnishment lien on unpaid wages or, instead, a right to assert § 16–579 rights against Madison in lieu of a garnishment lien because the debtor had frustrated the writ by working for inadequate compensation.[3]

But as this court observed in the Supplemental Decision at p. 25 n. 12 (emphasis in original):

> Had Chase recovered a § 16–579 order applicable to future services, it stands to reason that the intervention of bankruptcy would bar enforcement of the § 16–579 order as to any *postpetition* services. The debtor is free to work postpetition for a salary without those creditors holding discharged claims being able to reach the salary. Those creditors ought not be able to collect from the employer an imputed wage they would have been unable to collect from the debtor had he been taking a wage.

This is because the debtor's postpetition employment necessarily gave Chase no *in rem* or third-party liability rights that were already in existence prepetition.

The Supreme Court's holding in *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), compels this interpretation of the Code. In *Hunt*, the debtor filed a voluntary petition under the Bankruptcy Act, thereby adjudicating himself a bankrupt (the term applied to a debtor under the Bankruptcy Act). The Court addressed whether his prepetition assignment of future wages, as security for a debt, was enforceable as to postpetition wages despite the discharge of the underlying debt pursuant to statutory discharge provisions that do not materially differ from the Bankruptcy Codes. The Court considered Bankruptcy Act § 67d, 11 U.S.C. § 107(d) (edition in effect in 1934),

under which liens given for present consideration generally were unaffected by a bankruptcy case. The Court, 292 U.S. at 242, 54 S.Ct. 695, cited approvingly *In re West*, 128 F. 205 (D.Or.1904). In *West*, the court observed that a lien can only attach to property if there is a debt when the property comes into existence, and then reasoned (in language embraced by the Court in *Hunt*, 292 U.S. at 242–43, 54 S.Ct. 695) that:

> **The discharge in bankruptcy operated to discharge these obligations as of the date of the adjudication** [the petition date], so that the obligations were discharged before the wages intended as security were in existence. The law does not continue an obligation in order that there may be a lien, but only does so because there is one. **The effect of the discharge upon the prospective liens was the same as though the debts had been paid before the assigned wages were earned.** The wages earned after the adjudication became the property of the bankrupt clear of the claims of all creditors.

*West*, 128 F. at 206 (emphasis added). The Court then ruled:

> The earning power of an individual is the power to create property; but it is not translated into property within the meaning of the Bankruptcy Act until it has brought earnings into existence. An adjudication of bankruptcy, followed by a discharge, releases a debtor from all previously incurred debts, with certain exceptions not pertinent here; and it **logically cannot be supposed that the act nevertheless intended to keep such debts alive for the purpose of permitting the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with,**

---

**3.** Neither the automatic stay nor the discharge injunction would have extinguished such rights: the automatic stay only preserved the status quo, and the discharge injunction extinguished the debtor's debt only as a personal liability. *Johnson v. Home State*

*Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (prepetition lien on property in existence on the petition date remains an enforceable *in rem* claim postpetition despite the debtor's discharge).

**preexisting property,** but brought into being solely as the fruit of the subsequent labor of the bankrupt.

*Hunt,* 292 U.S. at 243, 54 S.Ct. 695 (emphasis added).

■ *Hunt* has continued vitality under the Bankruptcy Code. *In re Miranda Soto,* 667 F.2d 235 (1st Cir.1981). Accordingly, although a writ of attachment seizes both present wages and future wages, the writ is unenforceable to collect a discharged debt from the fruits of any postpetition employment, just as in the case of any similar lien that outside bankruptcy would attach to property acquired by the debtor in the future. *In re Baker,* 217 B.R. 609, 610–11 (Bankr.N.D.Cal.1998) (garnishment lien, that judgment creditor obtained prepetition, as result of its service of earnings withholding order on Chapter 7 debtor's employer, did not survive debtor's bankruptcy discharge as lien that was enforceable against debtor's postpetition wages).[4]

Even without resorting to *Hunt's* rationale, 292 U.S. at 242–43, 54 S.Ct. 695, that the discharge of a debt is effective as of the petition date, the outcome would be the same: the Bankruptcy Code plainly requires rejection of any Chase argument based on a prepetition writ of attachment. Upon the commencement of the debtor's bankruptcy case, the automatic stay of 11 U.S.C. § 362(a):

- barred the continuation of Chase's employment of process in Chase's prepetition judicial action against the debtor (§ 362(a)(1));
- barred the enforcement against the debtor of Chase's prepetition judgment (§ 362(a)(2)); and
- barred any act by Chase to collect its claim against the debtor (§ 362(a)(6)).

Although the debtor's discharge terminated the automatic stay with respect to acts against the debtor, 11 U.S.C. § 362(c)(2)(C), the automatic stay and the discharge injunction, acting as a continuum, would have rendered any prepetition writ of attachment unemployable with respect to Madison's postpetition employment of the debtor's services:

- the continued employment of a writ during the postpetition-predischarge period in order to assert § 16–579 rights with respect to employment during that period would have been barred by the automatic stay; and
- upon discharge of the judgment liability there was no longer any debt to be collected pursuant to any writ, such that the writ would have become a nullity with respect to postdischarge employment.

And without being able to employ a writ (even if one had been served prepetition) with respect to postpetition employment, Chase could not invoke § 16–579 against Madison with respect to postpetition employment.

Without violating the automatic stay, Chase could no more have enforced any writ of attachment served prepetition than it could have obtained the issuance of and served a new writ. Accordingly, it would be absurd for Chase to contend that now

**4.** *See also United States v. Sanabria,* 424 F.2d 1121 (7th Cir.1970) (by virtue of discharge, tax lien, which outside bankruptcy attaches to all property acquired by the debtor in the future, did not attach to property acquired postpetition); *In re Braund,* 289 F.Supp. 604 (C.D.Cal.1968), *aff'd sub nom. United States v. McGugin (In re Braund),* 423 F.2d 718 (9th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970) (same); *In re Dinatale,* 235 B.R. 569, 575 (Bankr.D.Md.1999) (prepetition tax lien did not attach to debtor's postpetition wages); *In re Rumker,* 184 B.R. 621 (Bankr.S.D.Ga.1995) (bank's security interest in debtor's accounts receivable did not attach to amounts payable for services which were contracted for prepetition and unperformed as of petition date); *United States v. Fuller (In re Fuller),* 134 B.R. 945 (9th Cir. BAP 1992) (lien did not attach to postpetition inheritance brought into bankruptcy estate on ground that it was received within 180 days of filing of petition); *In re Thomas,* 102 B.R. 199 (Bankr.E.D.Cal.1989) (a judgment recorded prepetition for debt discharged in bankruptcy case was ineffective to attach lien to real property acquired by the debtor postpetition).

that the automatic stay has terminated, any writ it served prepetition should be enforceable against Madison with respect to the postpetition-predischarge period. During that postpetition-predischarge period, the automatic stay barred enforcement of Chase's judgment (§ 362(a)(2)) and barred any employment of a writ of attachment (§ 362(a)(1)). Any attempt by Chase to enforce the writ during that period would have been a void act (subject to the voidness being set aside by annulment of the automatic stay). *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969 (1st Cir.1997) (collecting cases).[5] So Chase cannot maintain that the pendency of any writ during the postpetition-predischarge period should now be given effect: the enforceability of a writ during that period was suspended by the automatic stay,[6] and the discharge injunction now bars any effort to enforce the writ. Therefore, since the petition date, and unless and until the debtor's discharge is revoked, Chase has had and will have no right to enforce a prepetition writ of attachment, and this includes any right to assert § 16–579 against Madison to prevent frustration of such a writ by the debtor's working for an inadequate wage.

## II

Chase has pointed to no substantial hardship it will suffer from dismissal of the Garnishment Motion. Any such dismissal will be subject to vacating of the dismissal under F.R.Civ.P. 60(b) in the event that Chase secures a reversal of this court's order. The burden of filing a Rule 60(b) motion in the exceedingly unlikely event of this court's order being reversed is not a substantial hardship.

## III

The debtor is entitled to the protection of the fresh start embodied in the discharge injunction and which this court's order was designed to effectuate. He should not see his employer subjected to the burden of monitoring the Garnishment Motion proceeding pending the outcome of Chase's appeal. The discharge injunction requires Chase not to pursue the Garnishment Motion. The debtor is entitled to see the Garnishment Motion dismissed. Having been mandatorily enjoined by this court to dismiss the Garnishment Motion, Chase seeks to stay that injunction. Chase has not justified the extraordinary remedy of this court's enjoining its own injunction designed to protect the debtor's fresh start.

## IV

The public interest is often neutral in a private dispute, but the public interest in debtors being afforded a fresh start by the discharge injunction weighs in favor of the debtor here. Moreover, the court is concerned that Chase may be pursuing the debtor out of animus instead of a good faith belief that it has a legitimate basis for an appeal. Plainly its appeal is frivolous and would likely subject Chase to sanctions under F.R.Bankr.P. 9011. For this reason, the court will require Chase to post a bond of $20,000 (to cover the costs, fees, and damages recoverable by reason of any prosecution of a motion in the district court for a stay pending appeal) as a

5. Even if such an act would have been merely voidable under the minority view of *Bronson v. United States*, 46 F.3d 1573 (Fed.Cir.1995); and *Picco v. Global Marine Drilling Co.*, 900 F.2d 846 (5th Cir.1990), there were no equities here to warrant treating prosecution of a postpetition writ of attachment as a valid act.

6. The court need not decide whether the writ was void during the postpetition-predischarge period or whether instead its enforceability was simply suspended, an issue that would have an impact on an employer's decision whether it is free to disregard a prepetition writ of attachment once the debtor files a bankruptcy petition. If a creditor's claim were of a nondischargeable character, the automatic stay could be lifted or annulled under 11 U.S.C. § 362(d) such as to permit enforcement of a prepetition writ of attachment with respect to postpetition predischarge employment. But Chase's debt was discharged.

condition to this court's staying its order for 15 days to permit Chase to seek a stay from the district court.

### Conclusion

Based on the foregoing, it is

ORDERED that the part of this court's judgment that required Chase to take steps to dismiss its Garnishment Motion is stayed for 15 days, on the condition that Chase post a bond of $20,000 to cover the costs, fees, and damages recoverable by reason of any prosecution of a motion in the district court for a stay pending appeal,[7] but Chase's Motion for Stay of Judgment Pending Appeal is otherwise DENIED.

---

7. Because the court is denying a stay beyond a 15-day stay, the court has no occasion to address what would be the appropriate amount of a bond if the court were to stay its judgment during the pendency of the entire appeal.